UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LESTER DOYLE,<br>also known as LESTER PAUL DOYLE,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES MARSHAL'S SERVICE,<br>ET AL.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)    No. 1:22-cv-01202-SHM-tmp<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER MODIFYING THE DOCKET;
DISMISSING THE COMPLAINT (ECF NO. 1) WITH PREJUDICE IN PART AND
WITHOUT PREJUDICE IN PART; AND
GRANTING LEAVE TO AMEND THE CLAIMS DISMISSED WITHOUT PREJUDICE**

On September 15, 2022, Plaintiff Lester Doyle, also known as Lester Paul Doyle, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) When Doyle filed the complaint, he was incarcerated at the Shelby County Correctional Center (the "SCCC"), in Memphis, Tennessee. (ECF No. 1 at PageID 1; ECF No. 1-2 at PageID 6.) On October 27, 2022, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"). (ECF No. 5.)

In the complaint, Doyle alleges a claim of deprivation of medical care. (ECF No. 1 at PageID 1-2.) Doyle sues: (1) the United States Marshal's Service (the "USMS"); (2) Shelby County Director of Corrections, Anthony Alexander; (3) the Shelby County Correctional Center; (4) the Hardin County Sheriff's Department (the "HCSD"); (5) the Sheriff of Hardin County Jail (the "Sheriff"); (6) the "Hardin Co. Jail Medical, TN"; (7) the "Shelby Co. Medical, SCCC"; and (8) "et. al." (*Id*. at PageID 1.) Doyle sues the Defendants in their official and individual capacities.

(*Id*. at PageID 2.) Doyle seeks: (1) "immediate medical treatment with follow-up appointments along with rehab"; (2) "the cost of treatment"; (3) "all medication at no cost"; (4) transportation by the USMS "for treatment"; (5) appointment of counsel; and (6) "a restrain and desist order from all Defendants preventing pun[i]tive punishment or isolation and no restriction of privileges." (*Id*. at PageID 3.)

The Clerk is directed to modify the docket to add Defendants: (1) Shelby County, Tennessee; and (2) Hardin County, Tennessee.

For the reasons explained below: (1) the complaint (ECF No. 1) is dismissed WITH PREJUDICE in part and WITHOUT PREJUDICE in part; and (2) leave to amend the claims dismissed without prejudice is GRANTED.

I.     **FACTUAL BACKGROUND**

Doyle alleges that, before his arrest on an unspecified date for an unspecified offense, he "was involved in a life threatening motor accident[,] rendering the use of his hands [sic] and loss of mobility requiring extens[ive] rehab[i]l[it]ation and therap[]y that [he] was receiving […] at Vanderbilt University Hospital [in] Nashville, TN […] pre and prior arrest." (ECF No. 1 at PageID 1 (the "Hand Injury").) Doyle alleges that, after he was arrested and was detained at the HCJ, his sick-call requests and grievances about care for the Hand Injury were "roundly ignored." (*Id*. at PageID 2 (alleging Doyle was "denied even minimal medical care").) Doyle does not allege facts (1) describing the symptoms of the Hand Injury or (2) identifying the persons at the HCJ who responded to Doyle's requests for medical care. Doyle alleges in a conclusory manner that "most violations [of] deliberate indifference [were] done by a nurse know[n] as Amanda." (*Id*.)

Doyle alleges that he was "eventually allowed to pursue his treatment at [the HCJ's] treatment center[,] but not before suffering immense harm." (*Id*.) Doyle does not allege facts: (1) describing the type of medical care he received at the HCJ for the Hand Injury; (2) specifying the

2

dates of care; (3) identifying the HCJ personnel who provided the care; or (4) describing the extent, if any, to which the medical care at the HCJ resolved the symptoms of the Hand Injury.

The plausible inference from the complaint is that Doyle was transferred on an unspecified date from the HCJ to the SCCC. (*See id*. at PageID 2.) Doyle alleges that, based on his "medical records and proclamations," the USMS and the SCCC "are aware" of Doyle's need for medical care of the Hand Injury, "but to no avail." (*Id*.)

Doyle alleges that "delay in his treatment of his mental, physical, and cognitive conditions will not be able to be reversed." (*Id*.) When addressing his alleged "mental [and] cognitive conditions," Doyle does not: (1) describe or identify the conditions; (2) provide the date(s) of diagnosis; (3) allege whether Doyle ever received medical treatment for those conditions; or (4) describe the medical care that he requested for the conditions and was denied.

## II.   LEGAL STANDARD

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported

by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### III.     REQUIREMENTS TO STATE A CLAIM UNDER § 1983

Doyle sues under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

### IV.     ANALYSIS

#### A. Claim Against The USMS

Doyle sues under § 1983 (ECF No. 1 at PageID 1.) The USMS is an entity of the United States government, not a state actor. To state a viable claim against a federal actor, a plaintiff must allege and show that he was deprived of a right secured by the federal Constitution or laws of the United States by a person acting under color of federal law. *See Bivens v. Six Unknown Fed.*

4

*Agents*, 403 U.S. 388 (1971). "Analysis under *Bivens* is identical to that under § 1983, the only difference being that *Bivens* pertains to federal actors." *Richardson v. United States Marshals Serv.*, No. 3:07-cv-0304, 2007 WL 1464582, at *1 (M.D. Tenn. May 15, 2007). Any claim that Doyle has against the USMS arises under *Bivens*.

    *Bivens* authorizes damage suits against individual federal officials, but *Bivens* does not authorize such suits against the United States, its agencies, or its employees in their official capacities. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) (a prisoner "may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP"). A suit under *Bivens* may be brought only against individual officers for certain constitutional violations. *See Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 431 (6th Cir. 2016) (a *Bivens* action is based on alleged constitutional violations by federal officials in their individual capacities). "*Bivens* has not been expanded to include actions against the United States itself, or against federal agencies." *Milligan v. United States*, No. 3:07-cv-1053, 2008 WL 19994823, at *12 (M.D. Tenn. May 2, 2008) (citing *Nuclear Transport & Storage, Inc. v. United States*, 890 F.2d 1348, 1352 (6th Cir. 1989) ("Since the United States has not waived its sovereign-immunity and consented expressly to be sued in a *Bivens*-type action, such suits cannot be brought against the United States")). "*Bivens* provides no basis for raising constitutional claims against either the United States or the U.S. Marshals Service." *Milligan*, 2008 WL 19994823, at *12.

    Doyle's claim under *Bivens* against the USMS is **DISMISSED WITH PREJUDICE** for failure to state a claim to relief as a matter of law.

    B.  <u>Claim Against "Et. Al"</u>

    Doyle sues "et. al" as a Defendant. (ECF No. 1 at PageID 1.)

    Doyle's use of "et. al" as a Defendant fails to state a claim against anyone. *See Marcilis v. Twp. of Redford*, 693 F.3d 589, 596–97 (6th Cir. 2012); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002). Doyle cannot allege claims against a universe of unspecified persons who

5

have no notice of claims against them. *See* Fed. R. Civ. P. 10(a) ("[…] The title of the complaint must name all the parties [.…]"). Doyle's claim against "et. al" is **DISMISSED WITH PREJUDICE** for failure to state a claim to relief as a matter of law.

### C. Claim Against The SCCC

To the extent Doyle alleges a claim under § 1983 against the SCCC (*see* ECF No. 1 at PageID 1), the complaint fails to state a claim to relief as a matter of law. Under § 1983, a jail is not a "person" subject to suit. *Marbry v. Corr. Med. Serv.*, 238 F.3d 422 (table), No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000). Doyle's claim against SCCC is **DISMISSED WITH PREJUDICE** for failure to state a claim to relief as a matter of law.[1]

### D. Claim Against The "Hardin Co. Jail Medical, TN" And "Shelby Co. Medical, SCCC"

Doyle's claim against the "Hardin Co. Jail Medical, TN" and the "Shelby Co. Medical, SCCC" is construed as a claim against the medical departments of the HCJ and the SCCC. (ECF No. 1 at PageID 1.) Collective liability – *i.e.,* when claims are brought against groups of persons such as "government officials" – is not permitted under § 1983. A group of people, such as "the Medical" of the HCJ and the "Medical" of the SCCC, is not a "person" subject to suit pursuant to § 1983. *See, e.g., Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006); *Arty v. Wilson Cnty. Jail*, No. 19-cv-0309, 2019 WL 4748321, at *2 (M.D. Tenn. Sept. 30, 2019). Doyle must identify and allege claims against the specific persons who are responsible for the conduct Doyle challenges in the complaint.

---

[1] To the extent Doyle's claim against the SCCC is liberally construed as a claim against Shelby County, *see Marbry* 2000 WL 1720959, at *2, Doyle fails to allege facts stating a claim to relief against Shelby County, and therefore fails to state a claim against the SCCC, as explained in Section IV.E., *infra*.

Federal Rule of Civil Procedure 10(a)[2] requires a plaintiff to "name all the parties" in a complaint. An action is commenced against an unknown defendant when the complaint is amended under Fed. R. Civ. P. 15 to specifically name that defendant and the plaintiff effects service of process on that named defendant in compliance with Fed. R. Civ. P. 4. The filing of a complaint against an unknown defendant does not toll the running of the statute of limitations. *See Wiggins v. Kimberly-Clark Corp.*, 641 F. App'x 545, 548-49 (6th Cir. 2016). Before Doyle can proceed against the "Hardin Co. Jail Medical, TN" and the "Medical" of the SCCC, Doyle must identify, by name, individuals of those entities and re-allege claims against them within the one-year limitations period provided in Tennessee Code Annotated 28-3-104(a)(1)(B). *See, e.g., Montgomery v. Wellpath Medical*, No. 19-0675, 2021 WL 4773097, at *1 (M.D. Tenn. Oct. 13, 2021).

Doyle's claim against the "Hardin Co. Jail Medical, TN" and the "Shelby Co. Medical, SCCC" is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim to relief.

### E.  Claim Against Shelby County; Official Capacity Claim Against Alexander

Doyle's claim against Alexander in his official capacity is construed as a claim against Shelby County. *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)); *Sledge v. Shelby Cnty. Jail Facility*, No. 21-cv-2211, 2023 WL 11840385, at *1 (W.D. Tenn. Jan. 19, 2023) (citation omitted).

Shelby County may be held liable only if Doyle's injuries were sustained pursuant to an unconstitutional municipal custom or policy of Shelby County. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691–92 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his

---

[2]  "Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties." Fed. R. Civ. P. 10(a).

particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479–80 (1986) (emphasis in original)).

Doyle does not allege that he has been deprived of a constitutional right because of a policy or custom of Shelby County. Instead, Doyle alleges violation of his Eighth Amendment right to medical care in the unique circumstances of his failure to receive rehabilitative and therapeutic care for the Hand Injury during Doyle's confinement at, *inter alia*, the SCCC. (ECF No. 1 at PageID 1–3.) Doyle, therefore, does not allege facts stating a claim to relief against Shelby County or against Alexander in his official capacity.

Doyle's claim against Shelby County is **DISMISSED WITHOUT PREJUDICE** for failure to allege facts stating a claim to relief. Doyle's claim again Alexander in his official capacity is **DISMISSED WITH PREJUDICE** for failure to allege facts stating a claim to relief.

### F. Claim Against The HCSD

To the extent Doyle alleges a claim under § 1983 against the HCSD, Doyle fails to state a claim to relief as a matter of law. It is well-settled that a county sheriff's department, such as the HCSD, cannot be sued under § 1983. *See Matthews*, 35 F.3d at 421; *Leis v. Alcohol, Tobacco & Firearm Agency*, No. 3:21-cv-0304, 2021 WL 1907830, at *3 (M.D. Tenn. May 11, 2021) (collecting cases). Doyle's claim against HCSD is **DISMISSED WITH PREJUDICE** for failure to state a claim to relief as a matter of law.[3]

---

[3] To the extent Doyle's claim against the HCSD is liberally construed as a claim against Hardin County, *see generally Hafer v. Melo,* 502 U.S. 21 (1991) (governmental departments and

### G. Claim Against Hardin County; Official Capacity Claim Against The Sheriff

Doyle's claim against the Sheriff in the Sheriff's official capacity is construed as a claim against Hardin County. *See Jones*, 296 F.3d at 421 (citing *Matthews*, 35 F.3d at 1049); *Sledge*, 2023 WL 11840385, at *1 (citation omitted).

Hardin County may be held liable only if Doyle's injuries were sustained pursuant to an unconstitutional custom or policy of Hardin County. *See Monell*, 436 U.S. at 691–92. Doyle does not allege facts demonstrating that his "immense harm" (ECF No. 1 at PageID 2) was incurred due to execution of a policy or custom of Hardin County. Doyle does not identify or describe a policy or custom of Hardin County, much less an unconstitutional policy of Hardin County pursuant to which the Sheriff acted to deprive Doyle of his constitutional rights. Doyle, therefore, does not allege facts stating a claim to relief against Hardin County or against the Sheriff in his official capacity.

Doyle's claim against Hardin County is **DISMISSED WITHOUT PREJUDICE** for failure to allege facts stating a claim to relief. Doyle's claim against the Sheriff in his official capacity is **DISMISSED WITH PREJUDICE** for failure to allege facts stating a claim to relief.

### H. Claim Of Deprivation of Medical Care Against The Sheriff And Alexander In Their Individual Capacities

Doyle alleges that his sick call requests at the HCJ for medical care for the Hand Injury were "roundly ignored and denied," which caused him "immense harm." (ECF No. 1 at PageID 2.) Doyle alleges that "most violations [were] done by a nurse know[n] as Amanda." (*Id.*) Doyle alleges that "the [SCCC] [is] aware by virtue of [Doyle's] medical records and proclamations of his needed treatment but to no avail." (*Id.*) Doyle's allegations are construed as a claim of

---

divisions are not suable entities under § 1983), Doyle fails to allege facts stating a claim to relief against Hardin County, and therefore fails to state a claim against the HCSD, as explained in Section IV.G., *infra*.

deliberately indifferent deprivation of medical care in violation of the Eighth Amendment. Doyle sues the Sheriff and Alexander, *inter alia*, "in a personal capacity." (*Id*. at PageID 2.)

The objective component of an Eighth Amendment deprivation-of-medical-care claim requires that a prisoner[4] have a serious medical need. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004); *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994). "[A] medical need is objectively serious if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention.'" *Blackmore*, 390 F.3d at 897. The subjective component requires that jail officials acted with the requisite intent -- *i.e.*, -- had a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991) (plaintiffs must show that prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm).

Doyle alleges generally that he sustained the Hand Injury due to a motor vehicle accident before his arrest and subsequent confinement at the HCJ and the SCCC. (ECF No. 1 at PageID 1-2.) Doyle does not allege facts describing the nature, symptoms, diagnosis, or prognosis of the Hand Injury. He does not describe the scope or type of "rehab[i]l[it]ation and therap[]y" he received for the Hand Injury before his arrest and confinement. (*Id*.) Without more, Doyle fails to allege facts from which to plausibly infer that the Hand Injury is a sufficiently serious medical need for the purpose of a claim of deprivation of medical care under the Eighth Amendment.

Doyle also fails to satisfy the subjective prong of an Eighth Amendment claim of deprivation of medical care. Doyle alleges no facts about whether the Sheriff and Alexander knew

---

[4] According to the Tennessee Department of Correction (the "TDOC") Felony Offender Information website, Doyle is a convicted inmate presently confined at the Northwest Correctional Complex (the "NWCX") under TDOC prisoner identification number 00275045. Doyle is serving three sentences for drug offenses, with a sentence end-date of September 27, 2048. (*See* https://foil.app.tn.gov/foil/details.jsp (last accessed Apr. 28, 2025).)

10

of the Hand Injury and were deliberately indifferent to the risk that Doyle would suffer serious harm without medical treatment. Instead, Doyle alleges vaguely that "the Shelby County Correctional [is] aware by virtue of [Doyle's] medical records and proclamations of his needed treatment" for the Hand Injury. (ECF No. 1 at PageID 2.) Doyle does not allege that Alexander, who is Shelby County's Director of Corrections[5], reviewed Doyle's medical records. The only allegation in the complaint identifying a specific person at the HCJ or the SCCC who purportedly knew of the Hand Injury is Doyle's allegation that "most violations [of denial of medical care at the HCJ] [were] done by a nurse know[n] as Amanda." (ECF No. 1 at PageID 2.) Doyle does not sue Amanda as a Defendant. Doyle does not allege that Amanda informed the Sheriff of Doyle's request for medical treatment for the Hand Injury. Doyle does not satisfy the subjective prong of his deprivation-of-medical-care claim because Doyle does not allege facts demonstrating that the Sheriff and Alexander subjectively knew of, but disregarded, Doyle's alleged need for medical care for the Hand Injury.

Doyle's claim of deprivation of his Eighth Amendment right to medical care against Alexander and the Sheriff in their individual capacities is **DISMISSED WITHOUT PREJUDICE** for failure to allege facts stating a claim to relief.

V. **AMENDMENT UNDER THE PLRA**

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for

---

[5] *See* https://shelbycountytn.gov/directory.aspx?EID=1005 (website of Shelby County, Tennessee) (last accessed Apr. 28, 2025).

failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court grants leave to amend the claims dismissed without prejudice, under the conditions set forth below.

## VI. CONCLUSION

For the reasons set forth above:

A. Doyle's: (1) claim under *Bivens*, 403 U.S. 388, against the USMS and (2) claims under § 1983 against (a) "et. al"; (b) the SCCC; (c) "Hardin Co. Jail Medical, TN"; (d) "Shelby Co. Medical, SCCC"; (e) the HCSD; and (f) the Sheriff and Alexander in their official capacities (collectively, the "Claims Dismissed With Prejudice") are **DISMISSED WITH PREJUDICE** for failure to state a claim to relief as a matter of law. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1)-(2). Leave to amend the Claims Dismissed With Prejudice is **DENIED**.

B. Doyle's claims under § 1983 against: (1) Shelby County; (2) Hardin County; and (3) Alexander and the Sheriff in their individual capacities (collectively, the "Claims Dismissed Without Prejudice") are **DISMISSED WITHOUT PREJUDICE** for failure to allege facts stating a claim to relief. Leave to amend the Claims Dismissed Without Prejudice is **GRANTED**.

12

C. Amended claims must be filed within twenty-one (21) days after the date of this order. An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Doyle's claims. An amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleadings. Doyle must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. If Doyle fails to file an amended complaint within the time specified, the Court will dismiss the Claims Dismissed Without Prejudice and enter judgment. The Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350 (6th Cir. 2021).

D. Given that the complaint is dismissed with prejudice in part and without prejudice in part, Doyle's request for appointment of counsel (ECF No. 1 at PageID 3) is **DENIED WITHOUT PREJUDICE**, subject to Doyle's right to re-file his request for appointment of counsel if the case proceeds.

**IT IS SO ORDERED**, this 28th day of April, 2025.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE